UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO JR.,

                              Plaintiff,

            -against-

BANK OF AMERICA,

                              Defendant.

20-CV-650 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated January 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Ernest Calvino brings this complaint asserting claims for "co-conspiracy of bank fraud, conspiracy of computer theft, and conspiracy of obstruction of legal right[s]." (ECF 2, at 2.) Plaintiff alleges that he had an account at Bank of America but closed it for "personal reasons." (*Id.* at 3.) Plaintiff went to a branch of Bank of America to open a new account. The bank employee had him sign "extra document[s]," and he states that he has heard that "she ha[s] purchased property in Florida." (*Id.*) Plaintiff asserts that the bank employee "most probably know[s] me and knows about my missing property." (*Id.*) Plaintiff seeks information about lost property in Florida, as well as other damages. (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

This action is one of dozens of actions that Plaintiff has filed *in forma pauperis* in recent months. Because of Plaintiff's abuse of the privilege of proceeding without prepaying the filing fee, the Court directed Plaintiff in *Calvino v. L.*, ECF 1:19-CV-11958 (S.D.N.Y. Jan. 10, 2020), to show cause why he should not be barred from filing new actions IFP without first obtaining leave of court. This order has not deterred Plaintiff from filing frivolous actions, and the Court has notified Plaintiff that the continued submission of new frivolous complaints may result in the imposition of additional sanctions, including an order directing the Clerk of Court not to accept further documents for filing. The Court reiterates that warning.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The continued submission of new frivolous complaints may result in the imposition of additional sanctions, including an order directing the Clerk of Court not to accept further documents for filing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 24, 2020
         New York, New York

_____
              COLLEEN McMAHON
         Chief United States District Judge